IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH MILLER, | No. C 02-2118 MJJ (MEJ) |
| Plaintiff(s), | **ORDER VACATING FEBRUARY 16, 2006 HEARING** |
| vs. | |
| INTERNATIONAL BUSINESS MACHINES, et al, | **ORDER GRANTING IN PART AND DENYING IN PART IBM'S PENDING DISCOVERY AND SANCTIONS MOTIONS** |
| Defendant(s). | |

Currently pending before the Court are: (1) IBM's motion to compel complete interrogatory responses (Docket No. 256); (2) IBM's motion to compel production of documents and to un-designate as "confidential" Miller's "confidential" documents (Docket No. 259); (3) IBM's motion to compel Miller's deposition (Docket No. 262); (4) IBM's motion to compel contact information (Docket No. 268); (5) IBM's motion for expert discovery (Docket No. 253); (6) IBM's motion to vacate the Lai and Miyashita depositions; and (7) IBM's motion to dismiss (Docket No. 271). After review of the parties' papers, the Court finds a hearing on these matters unnecessary and hereby VACATES the February 16, 2006 hearing date. The Court shall address each motion in turn.

**A.     IBM's Motion to Compel Complete Interrogatory Responses**

On November 30, 2005, the Court ordered Miller to provide further responses to IBM's Interrogatories 1-7 and 9 (Docket No. 199). The November 30 Order gave detailed instructions on

how Miller needed to respond to each interrogatory. On December 16, 2005, and again on December 23, Miller served responses that IBM argues are "nowhere close to what the Court had ordered." IBM now requests a further order that: (1) either (a) compels Miller to comply with the Court's previous order, or (b) limits him to the "proof" contained in his limited discovery responses: and (2) imposes sanctions on Miller for his failure to comply, including IBM's expenses incurred as a result.

In response, Miller argues that his responses reflect that he has replied to the best of his abilities and the information available to him. Miller further argues that he has retained counsel and requests that the Court permit new counsel additional time to assure compliance with the November 30 Order.

Upon review of the parties' arguments, the Court finds it appropriate to grant Miller's request for counsel's additional time to review and respond to IBM's requests. While not excusing Miller's prior behavior, the Court hopes that his retained counsel stays true to their statements in opposition to IBM's motion. Accordingly, the Court hereby GRANTS IBM's motion to compel further responses within 30 days from the date of this Order. Should Miller fail to comply with this Order and provide full responses as ordered, the Court shall consider the imposition of sanctions, including limiting Miller's responses to those contained in his various responses, as well as attorney's fees and expenses.

**B.     IBM's Motion to Compel Miller to Produce Documents and Undesignate Documents**

In its November 30 Order, the Court also ordered Miller to produce all documents responsive to IBM's request for production of documents, including documents he claimed as confidential and his communications with Victor Paddock (Docket No. 199). IBM now argues that Miller has not complied with the Order, including his failure to produce an un-redacted copy of a document he claims constitutes the assignment by Best-of-China, Inc. ("BCC") of its rights to him, the corporate records of BCC, and the Paddock documents. IBM further argues that Miller has not produced a complete set of e-mails relevant to this litigation, including e-mails that Miller allegedly destroyed or deleted the electronic files from which they were printed. Finally, IBM argues that Miller has

2

1 failed to show good cause to designate any documents as confidential, as required under the
2 December 12, 2005 Protective Order.

3 In his opposition, Miller again requests additional time to permit retained counsel to review
4 the case.

5 Upon review of the parties' arguments, the Court finds it appropriate to grant Miller's request
6 for counsel's additional time to review and respond to IBM's requests. However, counsel should be
7 mindful that the Court expects full compliance with its November 30 Order and IBM's requests as
8 detailed above. Accordingly, the Court hereby GRANTS IBM's motion to compel further responses
9 within 30 days from the date of this Order. Miller's responses shall specifically include, but are not
10 limited to: (1) an unredacted copy of the assignment and BCC's relevant corporate records; (2) all
11 relevant e-mails, with the attachments physically attached to the e-mails to which they belong, and a
12 sworn affidavit fully describing why he is unable to produce any electronic files not produced that
13 are relevant to this litigation; and (3) the Paddock documents. For any documents that Miller
14 designates as confidential, he shall show good cause for each document. Should Miller fail to
15 comply with this Order and provide full responses as ordered, the Court shall consider the
16 imposition of sanctions, including un-designating documents labeled as confidential and attorney's
17 fees and expenses.

18 **C.     IBM's Motion to Compel Miller's Deposition**

19 On November 21, 2005, IBM began the deposition of Miller; however, it was not able to
20 complete the deposition and the parties submitted a joint letter to the Court on November 29. On
21 November 30, the Court ordered Miller to appear for an additional ten hours of deposition (Docket
22 No. 200). Although Miller appeared for his deposition on December 21, he did not complete the full
23 ten hours. IBM now requests that the Court order Miller to appear for his deposition until it is
24 completed, and to respond forthrightly and fully to deposition questioning.

25 In response, Miller argues that he has completed seven hours of additional deposition
26 testimony as required by the Court's November 30 Order. Miller states that he has offered dates for
27 the continuation of the deposition and has agreed to proceed beyond the time ordered so long as the

28

3

1 questioning is reasonable and not harassing, repetitive, or burdensome.

2 Upon review of the parties' arguments, the Court hereby GRANTS IBM's motion for
3 additional time to depose Miller. Within 30 days from the date of this Order, Miller shall appear for
4 one day of deposition testimony for up to 7 hours. In addition to the requirements of the November
5 30 Order, Miller shall ensure that his responses are full and forthright. Should Miller fail to comply
6 with this Order, the Court shall impose sanctions, including additional deposition time **at Miller's**
7 **expense, including all attorney's fees and expenses**. Thus, upon completion of the deposition, if
8 IBM feels that Miller has not complied with the requirements of this Order, it may request additional
9 deposition time at Miller's expense. Any request must be accompanied by a transcript of the
10 deposition with specific references to Miller's failure to comply.

11 **D.    IBM's Motion to Compel Full and Accurate Contact Information**

12 On December 29, 2005, Byron Thompson, counsel for Miller, sent a letter to IBM's counsel
13 stating that IBM's counsel needed to contact him to speak with any of Miller's "non-IBM witnesses."
14 IBM argues that Miller cannot obstruct its efforts to contact his witnesses and requests that the Court
15 order Miller to promptly provide the requested information, and direct him to notify all his witnesses
16 in writing that they should speak freely with IBM's counsel.

17 In response, Miller argues that he has already provided all relevant contact information and
18 business cards in his possession, custody and control related to the witnesses.

19 Federal Rule of Civil Procedure 26(a)(1)(A) requires Miller to provide the name and, if
20 known, the address and telephone number of each individual likely to have discoverable information
21 that he may use to support his claims or defenses, unless solely for impeachment. Rule 26(a)(1)(A)
22 also requires Miller to provide the subjects of the information for each witness. Accordingly, the
23 Court hereby ORDERS Miller to provide the information required in Rule 26(a)(1)(A). Within 21
24 days from the date of this Order, Miller shall provide all names, addresses, and telephone numbers in
25 one document. Said document shall list each witness' name, address, and telephone number, and, if
26 any contact information is not provided for any witness, provide an explanation as to why the
27 specific information is impracticable for Miller to obtain. Further, IBM need not contact the

28

4

witnesses through Miller's counsel.

### E. IBM's Motion for Expert Discovery

Next, IBM moves for an order precluding Miller from: (1) introducing any opinion testimony from his non-retained expert witnesses, Roger Bush, Andrew Chang, Allison Li, Dan Sokol, Eric Tengelson, and Sherman Kennedy; and (2) introducing any testimony from his three retained experts and his previously undisclosed non-retained experts, Norm Capper, Edward Nixon, Yuri Voldarsy, Neil Blackley, Dimitry Dukhovny, and Michael Walker. IBM argues that Miller did not properly disclose the identities of his non-retained experts, did not produce adequate expert reports for his retained experts, and has refused to provide complete responses to IBM's expert discovery requests.

In response, Miller argues that each of the witnesses were disclosed prior to the discovery cut-off and IBM made a calculated decision not to depose these individuals. Miller also argues that any witnesses listed as "non-retained" experts were disclosed as such given that they might provide opinion testimony under Federal Rule of Evidence 701. Finally, as to retained expert reports, Miller argues that they are adequate and, if IBM believes otherwise, it must move for an order directing the expert to provide the information required.

Upon review of the parties' arguments, the Court finds that Miller need not provide expert reports for any witnesses labeled as "non-retained experts." However, said witnesses may only testify as lay witnesses and must comply with Federal Rule of Evidence 701. Further, because Miller initially disclosed Roger Bush, Andrew Cheng, Allison Li, Dan Sokol, and Eric Tengelson in February 2003, and Sherman Kennedy in August 2005, they need not be made available for depositions. As to any "non-retained experts" or fact witnesses that were disclosed on or after the fact discovery cut-off date - Norm Capper, Edward Nixon, Yuri Voladarsy, Neil Blackley, Dimitry Dukhovny, and Michael Walker - Miller shall make them available for and IBM may take their depositions within 30 days from the date of this Order. Given Miller's retention of counsel, the Court finds it appropriate to permit testimony from these belatedly disclosed witnesses. However, should Miller fail to make them available for depositions at times agreeable to IBM, the Court may consider sanctions, including preclusion of their testimony.

As to Miller's retained experts - Jerald Udinsky, William Horton, and Stephen Traugott - within 30 days from the date of this Order, Miller shall provide amended expert reports which provide the information required under Federal Rule of Civil Procedure 26(a)(2)(B): (1) a complete statement of all opinions to be expressed by the expert and the basis and reasons therefore, (2) the data or other information considered by the witness in forming his or her opinions, (3) any exhibits to be used as a summary of or in support of the expert's opinion, (4) the witness' qualifications including a list of all publications authored by the witness in the preceding ten years, (5) the compensation to be paid to the witness, and (6) a listing of all other cases in which the witness has testified at trial or in deposition as an expert within the preceding four years. Fed. R. Civ. P. 26(a)(2)(B). Failure to provide expert reports in full compliance with Rule 26(a)(2)(B) may result in the imposition of sanctions, including preclusion of expert testimony.

Finally, within 30 days from the date of this Order, Miller must also fully respond to IBM's interrogatories and document requests relating to these three experts. Failure to do so may result in the imposition of sanctions.

**F.    IBM's Motion to Vacate the Lai and Miyatshi Depositions**

On November 29, 2005, the Court granted Miller's request to compel the depositions of Ludwig Lai and Moni Miyashita, and ordered Miller to file a motion for admission *pro hac vice* of his New Jersey/New York lawyer, Mr. Mueller. The Court also ordered that the depositions were to take place within two weeks of the Court's order on the *pro hac vice* motion. On December 12, Mr. Mueller filed his motion for leave to appear, which the Court granted granted on January 4, 2006.

IBM argues that when the parties had an in person meeting on December 21, 2005, Miller requested that the Lai and Miyashita depositions take place on January 11 or 12, 2006. After checking on their availability, IBM's counsel notified Miller on December 22 that January 12 was available. IBM also wrote Miller on January 3 to confirm the January 12 date as Miller had not responded. Miller responded on January 4, 2006, that Mr. Mueller was "still available on the dates indicated." On January 6, IBM again wrote to confirm the depositions. Miller responded on January 9 that he "asked Mr. Mueller to communicate directly with [IBM] on this matter." On

6

1 January 9, IBM sent an e-mail to both Miller and Mr. Mueller regarding the depositions. On
2 January 10, Mr. Mueller sent an e-mail stating that he "left a voicemail earlier in the day adjourning
3 these depositions."

4 In response, Miller argues that IBM's counsel refused to cooperate in the scheduling of the
5 depositions. Miller further argues that it is unclear how IBM's counsel lost any money on hotel or
6 airline reservations as a result of the depositions.

7 Upon review of the parties' arguments, the Court DENIES IBM's motion and finds that
8 Miller may still take the depositions of Lai and Miyatshi. However, if Miller decides to go forth
9 with said depositions, they shall take place within 30 days from the date of this Order and **Miller**
10 **shall pay all reasonable expenses incurred by IBM as a result of any newly-scheduled**
11 **depositions, including attorney's fees and expenses**. The Court permitted Miller to delay these
12 depositions at his request; IBM should not now be forced to continually prepare for and pay
13 expenses related to them.

14 **G.     IBM's Motion to Dismiss**

15 Finally, IBM moves for an order dismissing this action with prejudice for Miller's repeated,
16 willful violations of his obligations under the federal discovery rules, this Court's own rules, and this
17 Court's orders. IBM argues that Miller has repeatedly and deliberately (a) violated his duties under
18 the Federal Rules of Civil Procedure governing discovery, (b) dragged his heals at providing
19 information that should have been provided months, or even years ago, (c) flaunted this Court's
20 orders, (d) required IBM and its counsel to expend countless hours to try to obtain information and
21 documents the Court ordered Miller to provide, and (e) persists in doing so.

22 Miller opposes IBM's motion on the grounds that, to the extent there were violations, which
23 he denies, they were not intentional. Miller argues that he has faithfully complied with the Court's
24 orders, and any deficiencies that may be identified, or details ordered be produced, will be produced.
25 Miller concludes that IBM's motion for dismissal, as well as the other motions addressed herein, are
26 unfounded and inappropriate squandering of this Court's resources.

27 The Court disagrees. As discussed above, it is clear that Miller has not complied with his

28

7

discovery obligations. However, as Miller has represented himself and only recently retained counsel, the Court finds that dismissal is not an appropriate sanction at this time. Should Miller fail to comply with his obligations as detailed in this Order, the Court shall reconsider sanctions at that time. For now, the Court hereby DENIES IBM's motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 6, 2006

MARIA-ELENA JAMES
United States Magistrate Judge