IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH MILLER,<br><br>    Plaintiff(s),<br><br>  vs.<br><br>INTERNATIONAL BUSINESS MACHINES, et al,<br><br>    Defendant(s).                    / | No. C 02-2118 MJJ (MEJ)<br><br>**ORDER GRANTING IBM'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN THE POSSESSION OF THE FORMER ALTHEIMER & GRAY LAW FIRM** |

## I. INTRODUCTION

Before the Court is defendant International Business Machines Corporation's ("IBM") Motion to Compel Plaintiff to Produce Documents in the Possession of the Altheimer & Gray Law Firm, filed March 16, 2006. Doc. #359. In its motion, IBM seeks an order compelling plaintiff Ralph Miller to take the necessary steps to locate and produce documents responsive to its document requests that are in the possession of Best-of-China.com's ("BCC") former counsel, the former law firm of Altheimer & Gray. After consideration of the parties' papers, oral arguments at the April 13, 2006 hearing, relevant legal authority, and good cause appearing, the Court hereby GRANTS IBM's motion for the reasons set forth below.

## II. BACKGROUND

IBM served Miller with its first set of requests for production of documents on January 24, 2003. January 12, 2006 Kieve Decl. (Doc. #260), Ex. A. Miller responded on February 24, 2003 and provided supplemental responses on October 17, 2005. *Id.*, Exs. B and C. On August 3, 2005, IBM served Miller with a second set of document requests; Miller responded on September 2, 2005,

1 and provided supplemental responses on September 12, 2005. *Id.*, Exs. D, E and F.

2 On November 18, 2005, the parties submitted a joint letter to the Court. Doc. #189. In the letter, IBM stated that Miller had failed to produce: (1) documents relating to his claim that BCC assigned him its rights, (2) documents relating to the manner in which BCC entered into a subscription agreement with IBM, and (3) documents supporting each of Miller's factual contentions. IBM also argued that Miller's privilege log characterized a number of documents as "confidential" or "trade secrets," but he would not stipulate to production of said documents under a confidentiality agreement unless IBM's in-house counsel was precluded from seeing them.

9 On November 30, 2005, the Court ordered Miller to produce all relevant documents, and for the parties to submit a stipulated protective order covering production of confidential documents. Doc. #199. Miller failed to comply with the November 30 Order, requiring IBM to again move to compel Miller to produce these documents. *See* IBM's motion (a) to compel plaintiff Miller to produce documents, (b) to undesignate as "confidential" Miller's "confidential" document production and ©) for sanctions (Doc. #259). In response, Miller argued that he had recently retained counsel and requested a 30 day extension to assure compliance with the November 30 Order.

16 On February 6, 2006, the Court granted Miller and his new counsel 30 days to comply with the November 30 Order. Doc. #315. The Court specifically instructed Miller to produce, among other things, an un-redacted copy of the assignment of BCC"s rights to Miller and BCC's relevant corporate records. *Id.*

20 On March 16, 2006, IBM filed the present motion (Doc. #359), as well as the Declaration of Loren Kieve in support thereof (Doc. #360). On March 30, Miller filed his Opposition (Doc. #382), as well as the Declarations of William F. Mueller (Doc. #383) and Ralph Miller (Doc. #385) in support thereof. IBM filed its Reply (Doc. #404).

24 On April 13, 2006, the Court held a hearing on the matter. William F. Mueller appeared on behalf of Miller. Loren Kieve appeared on behalf of IBM.

///

///

2

### III.    DISCUSSION

In its motion, IBM argues that Miller has failed to comply with the Court's November 30, 2005 and February 6, 2006 orders.  IBM argues that it appears that Miller has been deliberately hiding the fact that his wife, Lucinda Storm, has relevant knowledge about this case and that she and/or Miller gave responsive documents to another, now defunct, law firm - Altheimer & Gray. When IBM requested that Miller contact the former partners at Altheimer & Gray to determine whether they have documents responsive to IBM's discovery requests, Miller's counsel responded that they had "no way of knowing what they have or who controls the documents.  If you can find a contact who can arrange for us to review any documents in their possession, we would be delighted. We simply do not know how to contact a defunct firm."  March 16, 2006 Kieve Decl., Ex. D.  As Miller is the purported assignee of BCC, IBM argues that Miller has the ability to obtain the documents because they are in his control.

In response to IBM's motion, Miller states that he contacted Myron Lieberman, former partner at Altheimer & Gray, but Mr. Lieberman advised him that the documents were not available. Miller also argues that IBM knew of Ms. Storm at least since the November 14, 2005 deposition of Victor Paddock.

The party to whom a subpoena for records is issued must produce only those records which are in its "possession, custody or control."  Fed. R. Civ. P. 34(a).  "Control is defined as the legal right to obtain documents upon demand." *International Union of Petroleum and Industrial Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)).  The party seeking production of the documents bears the burden of proving that the opposing party has such control.  *Id.* (citing *Norman v. Young*, 422 F.2d 470, 472-73 (10th Cir. 1970)).  Under California law, a client's legal files belong to the client, not the attorney.  *De Massa v. Nunez*, 770 F.3d 1505, 1507 (9th Cir. 1985); *see also Hobley v. Burge*, 226 F.R.D. 312, 320 (N.D. Ill. 2005) (vacated on the ground that the sanctioned party was not a party in the case) (stating documents in the possession of a party's former attorney are within the party's control for the purposes of Rule 34); *Johnson v. Askin Capital Management, L.P.*, 202 F.R.D. 112, 114 (S.D.N.Y.

3

2001) (same); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000) (same).

Here, Miller doesn't assert that he has complied with the Court's November 30, 2005 and February 6, 2006 orders; rather, he asserts that he is unable to obtain the documents because they are all in the possession of Altheimer & Gray. The Court questions how Miller could make this argument in good faith. First, the Court notes that this is the first time Miller has stated that the documents are not in his possession. Given that he has briefed this issue three times now, and the Court has twice previously ordered him to produce the documents, it is troubling that Miller waited until IBM's present motion to announce that he does not have the documents in his possession.

Second, as the assignee of BCC's rights, he has the authority to demand BCC's files from Altheimer & Gray or its former personnel. On April 3, 2006, based on Miller's assertion that he was unable to obtain the documents, the Court ordered him to: (1) file a declaration attesting under penalty of perjury that all documents sought by IBM, including copies of said documents, are not in his custody or control; and (2) provide a declaration from Mr. Lieberman stating that Miller contacted him and Mr. Lieberman informed him that the documents are not available. After performing its own Google search of Mr. Lieberman's name, the Court easily located his contact information and provided it to Miller in its April 3 Order. Miller filed his declaration, late, on April 12. In his declaration, Miller again states that the documents are not in his custody or control, and that Mr. Lieberman informed him that the documents are unavailable. As Miller has authority to obtain documents from his former law firm, this argument is without merit. Further, contrary to the Court's April 3 Order, Miller did not file a declaration from Mr. Lieberman. Accordingly, any statement from Mr. Lieberman that the documents are unavailable can only be considered hearsay.

Third, and perhaps most troubling, at the April 13 hearing, Mr. Mueller informed the Court that Miller had contacted Mr. Lieberman after the Court provided his contact information. According to Mr. Mueller, he received a voicemail from Mr. Lieberman stating that the documents may be in Altheimer & Gray's warehouse and that he would attempt to locate them and report back to Mr. Mueller by Friday, April 14. In his voicemail, Mr. Lieberman also stated that he would check with other people for the documents as well. Despite the fact that the Court has no testimony from

4

Mr. Lieberman on this matter, it is disturbing that Miller's opposition to the present motion states that he has "no way of knowing what they have or who controls the documents. If you can find a contact who can arrange for us to review any documents in their possession, we would be delighted. We simply do not know how to contact a defunct firm." Given the ease by which the Court obtained Mr. Lieberman's contact information, Miller and his counsel clearly had a means to obtain his former counsel's contact information. Further, given that Mr. Lieberman is now preparing to produce documents, the Court is also troubled by Miller's statement that the documents could not be obtained.

Based on the record before it, the Court can only find that Miller has failed to comply with his discovery obligations in this case and has failed to do so in bad faith. Accordingly, the Court shall permit Miller until Friday, April 14, 2006 at 4:00 p.m. PST to produce any documents in the possession of Altheimer & Gray. Any documents not produced by this time are hereby PRECLUDED from use by Miller in this case.

## IV.   CONCLUSION

Based on the foregoing analysis, the Court hereby GRANTS IBM's motion to compel production of documents in the possession of the former Altheimer & Gray law firm. Miller shall produce, at the law office of Quinn, Emanuel, Urquhart, Oliver & Hedges in San Francisco, all non-privileged BCC documents by Friday, April 14, 2006 at 4:00 p.m. PST. At the same time, Miller shall also file a declaration from Mr. Lieberman stating that he has produced all BCC documents within the possession of Altheimer & Gray. For any BCC documents Miller fails to produce within this time, the Court hereby PRECLUDES their use by Miller in this case.

**IT IS SO ORDERED.**

Dated: April 13, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

5