IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH MILLER, | No. C 02-2118 MJJ (MEJ) |
| Plaintiff(s), | |
| vs. | **ORDER GRANTING IBM'S MOTION TO PRECLUDE WITNESSES** |
| INTERNATIONAL BUSINESS MACHINES, et al, | |
| Defendant(s). | |

## I. INTRODUCTION

Before the Court is defendant International Business Machines Corporation's ("IBM") Motion to Preclude Plaintiff Miller from Calling Witnesses, filed February 28, 2006. In its motion, IBM moves to preclude plaintiff Ralph Miller from calling any person to testify or otherwise provide evidence in this action for whom he has not provided full and accurate contact details as required by Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(A) and this Court's February 6, 2006 Order. After consideration of the parties' papers, oral arguments at the April 13, 2006 hearing, relevant legal authority, and good cause appearing, the Court hereby GRANTS IBM's motion for the reasons set forth below.

///

///

## II. BACKGROUND

On December 29, 2005, Byron Thompson, counsel for Miller, sent a letter to IBM's counsel stating that IBM's counsel needed to contact him to speak with any of Miller's "non-IBM witnesses." In response, IBM filed a motion to compel full and accurate contact information for potential witnesses. Doc. #268. On February 6, 2006, the Court entered an order that, among other things, directed Miller to provide the information required in FRCP 26(a)(1)(A) and, within 21 days of the order, provide all names, addresses, and telephone numbers in one document. Doc. #315 at 4:23-27. The Court warned Miller that failure to comply with his obligations in the February 6 Order could result in the imposition of sanctions.

## III. DISCUSSION

On February 28, 2006, IBM filed the present motion, arguing that Miller has failed to comply with the Court's February 6 Order. Doc. #340. Specifically, IBM argues that Miller supplied it with a contact list that was last updated on October 27, 2000, and has made no effort to ascertain the current contact details of the numerous people hi has listed as his potential witnesses in this action. Pursuant to FRCP 37(c)(1), IBM seeks to preclude Miller's ability to call any witnesses whose contact details he has not provided.

In response, Miller filed the Declaration of his counsel, William F. Mueller, in which Mr. Mueller avers that "[i]t is the position of plaintiff that this [October 2000 list] more than complies with the February 6, 2006 order and Rule 26(a)(1)(A)." Doc. #342.

**A.  Legal Standard**

FRCP 26(a)(1)(A) requires a party to provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that he may use to support his claims or defenses, unless solely for impeachment. Every disclosure made pursuant to subdivision (a)(1) "shall be signed by at least one attorney of record" and "[t]he signature of the attorney . . . constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g).

1  Under FRCP 37(c)(1), "[a] party that without substantial justification fails to disclose
2 information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted
3 to use as evidence at a trial, at a hearing, or on a motion any witness . . . not so disclosed." The party
4 facing sanctions has the burden of proving its failure to comply with FRCP 26 was "substantially
5 justified" or "harmless." *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th
6 Cir. 2001). Unless the party facing sanctions meets this burden, the Court must impose this
7 sanction. *Id.*; *see also* Adv. Comm. Notes on 1993 Amendments to FRCP 26(a).

**B.     Application to the Case at Bar**

As it is Miller's burden to prove his failure to comply with FRCP 26 was substantially justified or harmless, the Court first turns to Mr. Mueller's declaration, as it is the only document Miller filed in response to IBM's motion. Apart from a procedural argument,[1] Mr. Mueller simply states "[i]t is the position of plaintiff that this [October 2000 list] more than complies with the February 6, 2006 Order and Rule 26(a)(1)(A). The Court finds that it does not.

In response to the Court's February 6 Order, Miller provided a corporate contact list for his defunct company, Best-of-China.com, Inc. The list is dated October 27, 2000 - over five years ago - and there is no indication that any effort was made to ascertain the current contact details of the people Miller has listed as his potential witnesses in this action. Not only does the list show no attempt by Miller or his counsel to ascertain whether any of the information in the list is accurate, it also fails to comply with the requirements of FRCP 26(g), which requires every disclosure to be signed by an attorney of record as an attestation that a reasonable inquiry was made to determine if the disclosure is correct at the time it is made. Further, Miller testified in his deposition that he made no effort to ascertain whether any of the information in the list was accurate. Doc. #352, Ex. A at 3. In fact, he stated that he has not spoken for years to many of the people he has listed as proposed witnesses. *Id. passim*.

---

[1] In its motion, IBM argues that Miller's response to the Court's February 6 Order was untimely. Mr. Mueller addresses this argument in his declaration. However, as the Court herein decides this matter on the merits, it need not consider this argument.

3

1   Miller's November 22, 2005 "disclosure of expert witnesses" listed 12 people as "non-
2   retained witnesses, likely to opine on the referenced matters."  Apart from his accountant, Miller
3   stated that he has not spoken with most of them in years.  *Id. passim.*; Reply at 3:26-4:15.  Further,
4   Miller has provided no substantial justification for his failure to provide the information required
5   under FRCP 26(a)(1)(A) and this Court's February 6, 2006 Order.  Mr. Mueller's self-serving
6   statement that the October 2000 list "more than complies with the February 6, 2006 Order and Rule
7   26(a)(1)(A)" does not excuse the fact that he made no attestation that a reasonable inquiry was made
8   by Miller's counsel to determine if the disclosure is correct at the time it is made, nor does it excuse
9   the fact that Miller made no effort to ascertain whether the information was correct.

10   Thus, unless Miller's failure to comply is harmless, the Court must preclude him from using
11   the witnesses.  Clearly, the failure to provide contact information for potential witnesses is not
12   harmless.  The purpose of FRCP 26(a)(1)(A) is to allow counsel to contact potential witnesses to
13   determine what information they actually have.  Despite repeated efforts by IBM to get this
14   information, and a Court order compelling Miller to provide it, Miller has blocked IBM's ability to
15   contact these people.  Accordingly, the Court finds that Miller's failure to comply with FRCP 26 and
16   the Court's February 6 Order was not substantially justified or harmless, and preclusion sanctions
17   must be imposed.  *Yeti*, 259 F.3d at 1106.

18   On April 13, 2006, the Court also held a hearing on this matter.  At that time, William F.
19   Mueller, counsel for Miller, seemed to imply that the witnesses' current contact information had
20   been provided in interrogatory responses.  If Mr. Mueller's statements are true, then said witnesses
21   shall not be precluded.  For any such witness, however, the Court hereby ORDERS Miller to serve
22   on IBM a declaration stating with specificity the discovery response in which he provided the
23   current contact information for each potential witness.  For any discovery response referenced in his
24   declaration, Miller shall attach the relevant portions of said discovery response with proper exhibit
25   tabs and references in his declaration.  Miller shall serve his declaration by April 20, 2006.  As to
26   any potential witness whose current contact information Miller did not provide, he is hereby
27   PRECLUDED from calling any of these people as witnesses for any purpose in this action.

28

4

### IV. CONCLUSION

Based on the foregoing analysis, the Court hereby GRANTS IBM's motion to preclude. Miller may not call any person to testify or otherwise provide evidence for whom he has not provided full and accurate details as required by FRCP 26(a)(1)(A) and this Court's February 6, 2006 Order directing him to do so.

**IT IS SO ORDERED.**

Dated: April 13, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

5