IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH MILLER, | No. C 02-2118 MJJ (MEJ) |
| Plaintiff(s), | |
| vs. | **ORDER GRANTING IBM'S REQUEST TO PERMIT FURTHER BRIEFING** |
| INTERNATIONAL BUSINESS MACHINES, et al, | |
| Defendant(s). | |

Before the Court is plaintiff Ralph Miller's Motion to Compel Further Production of Documents and Interrogatory Responses, filed March 9, 2006. Doc. #353. On April 13, 2006, the Court held a hearing on the matter and, on that same day, the Court requested clarification from IBM regarding whether it had the legal right to obtain documents and information from its subsidiaries. On April 17, 2006, IBM filed the Declaration of Loren Kieve (Doc. #432), in which IBM requests leave to further brief this issue. Good cause appearing, the Court hereby GRANTS IBM's request for further briefing. IBM shall file any briefing on the matter by April 24, 2006, and Miller shall file any response by April 28, 2006. IBM shall not file a reply. In its briefing, IBM should be mindful to address the following standards:

1) "Control is defined as the legal right to obtain documents upon demand;" thus, a corporation must produce documents possessed by a subsidiary that the parent corporation owns or

wholly controls. *International Union of Petroleum and Industrial Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989); and

2) the fact that the documents are themselves beyond the jurisdiction of the Court does not bar their production. *Cooper Industries, Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918, 919 (D.C.N.Y. 1984).

Based on this standard, it appears that the Court committed error when it ruled that IBM did not have control over its subsidiaries for purposes of discovery. Accordingly, IBM must show either (a) that it does not have control over its subsidiaries under this standard, or (b) based on a proper objection, it should not be made to obtain discovery from its subsidiaries.

**IT IS SO ORDERED.**

Dated: April 18, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

2