UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH I. MILLER,        Plaintiff(s),    v.  IBM CORP., et al.        Defendant(s). | No. C02-2118 MJJ (BZ)  **CERTIFICATION OF FACTS RE CONTEMPT** |

The undersigned hereby certifies the following facts to the Honorable Martin J. Jenkins in support of an entry of a judgment of criminal contempt against defendant International Business Machines Corporation (IBM) and/or its attorneys of record, Quinn Emanuel Urguhart Oliver & Hedges LLP.[1]

---

[1] In a matter referred under 28 U.S.C. § 636(b), a magistrate judge has the power to certify to a district judge facts supporting the entry of a judgment of contempt for disobedience of a lawful order.  28 U.S.C. § 636(e)(6)(B).  If an act constituting contempt occurs before a magistrate judge, he or she

> shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of

1

1.   In this action, plaintiff sued IBM for breach of contract, misrepresentation and related claims.  On August 2, 2005, Judge Jenkins referred the case to me to conduct a settlement conference in April 2006.

2.   On August 18, 2005, I entered an order scheduling the settlement conference for Tuesday, April 25, 2006 at 9:00 a.m. Among other things, the order required IBM to appear with its lead trial counsel and to be represented "by the person or persons not directly involved in the events which gave rise to the litigation but with full authority to negotiate a settlement.  A person who needs to call another person not present before accepting, rejecting or making any settlement offer does not have full authority."  Order, Page 2, Lines 4 - 9.  The order further stated that "[p]ersonal attendance of a party representative will rarely be excused by the Court, and then only upon separate written application demonstrating substantial hardship served on opposing counsel and lodged as early as the bases for the hardship is known."  Order, Page 2,

---

> the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

The magistrate judge's authority under section 636(e) encompasses certification for criminal, as well as civil, contempt.  <u>Taberer v. Armstrong World Indus.</u>, 954 F.2d 888 (3rd Cir. 1992); <u>Aldridge v. Young</u>, 782 F. Supp. 1457 (D.Nev. 1991).  Criminal contempt is appropriate where, as here, the relief requested is intended to punish past failures rather than to coerce future compliance.  <u>Taberer</u>, 954 F.2d at 897; <u>Aldridge</u>, 782 F. Supp. at 1458.

Lines 18 - 22.

3.  On April 25, 2006, the settlement conference convened at 9:00 a.m.  Plaintiff was represented by Byron C. Thompson, Esq. of Oakland and William F. Mueller, Esq. who had flown in from New Jersey.  Plaintiff flew in from North Carolina where he was on business and arrived about an hour late because, I was told, his flight had been delayed.

4.  Defendant appeared by Terry L. Wit, Esq. an attorney with Quinn Emmanuel.  However, lead trial counsel, identified by plaintiff as Loren Kieve, did not appear.  Nor did a representative from IBM appear.  Instead, I was told that IBM's representative, Associate General Counsel Alec Berman would be appearing by phone.  I had never been asked to excuse Mr. Berman's personal appearance.  Furthermore, it appeared from my discussions with Mr. Berman about plaintiff's demand, that he lacked full authority to settle the case as that term was defined by my order.  He merely stated IBM's position that it was about to file a summary judgment motion and expected to prevail.

5.  When I questioned IBM about its apparent failures to comply with my order, I was told that IBM expected, from what was or was not said during a recent status conference before Judge Jenkins, that this settlement conference would not occur.  Under these circumstances, I deem it appropriate to certify this matter to Judge Jenkins rather than to exercise my contempt authority under 28 U.S.C. § 636(e)(2).

Good cause appearing, **IT IS HEREBY ORDERED** that defendant International Business Machines Corporation and its counsel

3

1 | Loren Kieve of Quinn Emmanuel Urguhart Oliver & Hedges LLP
2 | appear before Judge Jenkins on Tuesday, May 9, 2006 at 9:30 am
3 | in Courtroom 11, 19th floor, Federal Building, 450 Golden Gate
4 | Avenue, San Francisco, California 94102 and show cause why
5 | either should not be adjudged in contempt of court for their
6 | failure to participate in the April 25, 2006 settlement
7 | conference as ordered.
8 | DATED: April 26, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\REFS.06\MILLER.CERT.OF.FACTS.CONTEMPT.wpd