1
2
3
4
5
6
7

United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8    RALPH MILLER,                              No. C 02-2118 MJJ (MEJ)

9              Plaintiff(s),

10                                              **ORDER DENYING PLAINTIFF'S**
         vs.                                    **MOTION TO COMPEL FURTHER**
                                                **DOCUMENT PRODUCTION AND**
11   INTERNATIONAL BUSINESS MACHINES, et        **INTERROGATORY RESPONSES**
     al,
12

13             Defendant(s).
     _____/

14

## I.    INTRODUCTION

Before the Court is plaintiff Ralph Miller's Motion to Compel Further Production of Documents and Interrogatory Responses, filed March 9, 2006.  Doc. #353.  After consideration of the parties' papers, oral arguments at the April 13, 2006 hearing, relevant legal authority, and good cause appearing, the Court hereby DENIES Miller's motion for the reasons set forth below.

## II.    BACKGROUND

On November 28, 2005, the parties filed a joint discovery dispute letter in which Miller requested a court order compelling IBM to supplement its initial disclosures, produce documents, respond to interrogatories, and produce certain witnesses for deposition.  Doc. #190.  Relevant here are the document production and interrogatory request portions of that letter.

### A.    Document Production

In the November 28 letter, Miller argued that IBM refused to provide discovery related to its subsidiaries and (at the time) co-defendants including documents relating to: (1) agreements between Best-of-China.com, Inc. ("BCC") and IBM companies and subsidiaries; (2) agreements for

1  sale of goods and services to BCC; (3) shipping and delivery of hardware and software to BCC; (4)

2  correspondence between BCC and IBM companies and subsidiaries; and (5) correspondence

3  between IBM companies and subsidiaries.  Miller argued that he was entitled to production of all

4  materials evidencing the details of the manufacture, shipping and delivery of IBM's RS6000SP

5  "Deep Blue" supercomputer and to all IBM's communications with its subsidiaries as well as with

6  Golden Horse, its shipping agent in the transaction.  Miller further argued that communications

7  between IBM's lawyers and individuals who work for subsidiaries of IBM were not privileged

8  because they were made in furtherance of a fraud.

9      In response, IBM argued that it had produced all non-privileged documents it had that come

10  within the categories listed in its initial disclosure statement.  As to Miller's production requests,

11  IBM stated that it was a party to only one of the contracts alleged in his Second Amended

12  Complaint: the Amended and Restated Stock Subscription Agreement.  As to the other agreements

13  Miller has sued on, IBM stated that it was not a party to them; thus, when he propounded requests

14  for production regarding the other agreements, IBM objected on the ground that no IBM employees

15  were assigned to work on the projects.

16      On November 29, 2005, the Court issued an order denying Miller's request to compel

17  production.  Doc. #193.  The Court found that IBM had not waived the attorney client privilege

18  when documents were exchanged between IBM and its subsidiaries.  The Court also found that

19  Miller failed to establish any elements of the crime-fraud exception.  *Id.*

20      On December 6, 2005, Miller filed objections to the Court's Order (Doc. #202), which Judge

21  Jenkins overruled on December 20, 2005, finding that they lacked merit.  Doc. #219.

22  **B.    Interrogatories**

23      Next, Miller argued that IBM failed to respond to certain interrogatories.  Specifically, Miller

24  argued that "IBM provided vague or no response regarding communications with third parties, its

25  subsidiaries or affiliates relating to the BCC Portal Project, refused to identify the affiliation of

26  members of the 'CHQ Deal Committee' that approved the BCC Portal Project, refused to identify

27  IBM Executive(s) responsible for the BCC relationship despite reference by designated IBM

28

2

1   corporate deponent, and failed to respond to interrogatories regarding its investment in BCC,

2   meetings with BCC, and failed to explain any denials of defenses in its Answer on file."

3        In response, IBM stated that it objected to several interrogatories as being overly broad,

4   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  IBM

5   again argued that all but one of the contracts alleged in the Second Amended Complaint were with

6   other entities and there was no evidence that IBM had control over these separate entities.  IBM

7   further stated that no IBM employee ever met with any BCC personnel.

8        In its November 29 Order, the Court denied Miller's request, finding that IBM had responded

9   as to the discovery within its control.  The Court also found that Miller failed to overcome IBM's

10  argument that it had no control over the entities from which he sought responses.

11       On December 6, 2005, Miller filed objections to the Court's Order (Doc. #202), which Judge

12  Jenkins overruled on December 20, 2005, finding that they lacked merit.  Doc. #219.

13  **C.      Miller's Motion to Compel Production of Documents & Interrogatory Responses**

14       On March 9, 2006, Miller filed the current Motion to Compel Further Production of

15  Documents and Interrogatory Responses (Doc. #353), as well as his Declaration (Doc. #354) and

16  Separate Statement of Discovery Issues in Dispute (Doc. #355) in support thereof.

17       On March 22, 2006, IBM filed its Opposition to Miller's motion.  Doc. #374.

18       On March 30, 2006, Miller filed a Reply.  Doc. #389.

19       On April 13, 2006, the Court held a hearing on the matter.  William F. Mueller appeared on

20  behalf of Miller.  Loren Kieve appeared on behalf of IBM.  After the hearing, the Court issued an

21  order for IBM to clarify its position on whether it had the legal right to obtain documents from its

22  Chinese subsidiaries.  Doc. #419.

23       On April 17, the IBM filed the Declaration of Loren Kieve (Doc. #432) and requested

24  permission to further brief the issue.  The Court granted IBM's request on April 18.  Doc. #439.

25  IBM filed its further brief in opposition on April 24 (Doc. #465) and Miller filed his reply on April

26  28 (Doc. #496).

27  ///

28                                                      3

**United States District Court**
For the Northern District of California

### III.   DISCUSSION

As a preliminary matter, the Court notes that Miller's current motion is procedurally defective. As his motion raises arguments that have already been considered by the Court, Miller should have sought leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9 rather than a motion to compel. However, as Miller appeared *pro se* in this matter at the time he filed the joint letter and is now represented by counsel, the Court shall construe the present motion as a motion for reconsideration and consider it on its merits.

**A.     Legal Standard**

Under Local Rule 7-9(b), Plaintiff must specifically show:

> (1)    That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;

> (2)    The emergence of new material facts or change of law occurring after the time of such order; or

> (3)    A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

**B.     Document Production**

In his motion, Miller argues that IBM has only responded to his interrogatories with evasive and vague answers and, in the case of his Fourth Request for Production of Documents, no answers at all. Miller also contends that IBM has control over its subsidiaries and must provide further document production.

In response, IBM argues that Miller has simply repeated the same arguments he made in his November 18, 2005 letter, but they still do not show that the Court should make any different ruling. Specifically, IBM argues that it produced all non-privileged documents and information in its possession, custody or control, and that Miller has not met his burden of showing that IBM has control over its subsidiaries.

The party to whom a subpoena for records is issued must produce only those records which

4

1    are in its "possession, custody or control." Fed. R. Civ. P. 34(a). "Control is defined as the legal

2    right to obtain documents upon demand." *International Union of Petroleum and Industrial Workers,*

3    *AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th

4    Cir. 1984)). The party seeking production of the documents bears the burden of proving that the

5    opposing party has such control. *Id.* (citing *Norman v. Young*, 422 F.2d 470, 472-73 (10th Cir.

6    1970)).

7        Here, Miller seeks documents that IBM maintains are in the custody of its Chinese

8    subsidiaries. Thus, the Court must determine whether IBM has control over the documents. Federal

9    courts construe "control" very broadly under FRCP 34. For example, the Ninth Circuit has held that

10   a corporation must produce documents possessed by a subsidiary that the parent corporation owns or

11   wholly controls. *Int'l Union*, 870 F.2d at 1452. Further, the fact that the documents are themselves

12   beyond the jurisdiction of the Court does not bar their production. *Cooper Industries, Inc. v. British*

13   *Aerospace, Inc.*, 102 F.R.D. 918, 919 (D.C.N.Y. 1984).

14        Under this standard, it appears that IBM may have control over the Chinese subsidiaries.

15   However, the Court finds that it need not provide further responses. First, Judge Jenkins dismissed

16   the two Chinese defendants and found that they are neither alter egos nor agents of IBM. Doc. #322

17   at 9:24. While IBM might have legal control over its subsidiaries, the Court already determined that

18   IBM is not responsible for the claims Miller makes against them. Thus, although Miller argues that

19   his requests to IBM stating "YOU" and "YOUR EMPLOYEES" encompass employees of the

20   Chinese defendants, IBM need only respond as to the claims against it.

21        Second, Miller's requests are overbroad and burdensome. IBM argues that to obtain the

22   requested discovery, it would only gain the right to obtain documents through a chain of seriatim

23   corporate motions. Doc. #432 at 2. The sole remaining defendant in this case is IBM, and the only

24   agreement to which IBM is a party is the "Amended and Restated" stock subscription agreement.

25   Given that Miller has not shown that the discovery is relevant to his claims against IBM (as opposed

26   to the Chinese defendants that are no longer in the case), the Court finds that the burden of retrieving

27   the documents is outweighed by any probative value they may have. IBM has furnished responsive

28

United States District Court

For the Northern District of California

1   documents that it has in its possession that relate to Miller's claims against IBM.  It need not provide

2   further responses.

3        As to Miller's fourth request for production of documents, IBM argues that the request was

4   out of time and no response was required.  Doc. #417.  Miller served his fourth request by mail on

5   November 7, 2005.  However, the District Court's August 2, 2005 pretrial order set a non-expert

6   discovery cut-off date of November 18, 2005.  To be timely Miller's request would have had to be

7   mailed no later than October 14, 2005.  Fed. R. Civ. P. 34(b) ("The party upon whom a request is

8   served shall serve a written response within 30 days after the service of the request"); Civil L.R. 26-

9   2 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off

10  are not enforceable except by order of the Court for good cause shown.").  As Miller did not seek

11  leave of the District Court to propound discovery that called for responses after the cut-off date,

12  IBM has no obligation to respond to this untimely request.

13  **C.    Interrogatories**

14       In his motion, Miller also argues that IBM has only responded to his interrogatories with

15  evasive and vague answers and, in some cases, no answers at all.  Miller contends that IBM has

16  control over its subsidiaries and must provide further responses to the interrogatories.

17       In response, IBM again argues that Miller has simply repeated the same arguments he made

18  in his November 28, 2005 letter, but they still do not show that the Court should make any different

19  ruling.  Specifically, IBM argues that it produced all non-privileged documents and information in

20  its possession, custody or control, and that Miller has not met his burden of showing that IBM has

21  control over its subsidiaries.

22       The party to whom interrogatories are propounded must "furnish such information as is

23  available to the party."  Fed. R. Civil. P. 33(a).  Thus, FRCP 33 requires that a parent corporation

24  respond to an interrogatory with information from a subsidiary if it has access to that information

25  and the information is relevant and not privileged.  *In re ATM Fee Antitrust Litigation*, 233 F.R.D.

26  542, 545 (N.D. Cal. 2005).  "'Rule 33 requires that a corporation furnish such information as is

27  available from the corporation itself or from sources under its control.'"  *Id.* (quoting *Brunswick*

28

6

*Corp. v. Suzuki Motor Co., Ltd.*, 96 F.R.D. 684, 686 (D.C. Wis. 1983)).

Again, for the reasons stated above, the Court finds that IBM need not provide further responses.  Miller has not shown that the discovery is relevant to his claims against IBM (as opposed to the Chinese defendants that are no longer in the case), and IBM has provided interrogatory answers to those questions that address its own conduct.

### IV.   CONCLUSION

Based on the foregoing analysis, the Court hereby DENIES Miller's Motion to Compel Further Production of Documents and Responses to Interrogatories.

**IT IS SO ORDERED.**

Dated: May 1, 2006

_____
MARIA-ELENA JAMES
United States Magistrate Judge

7