1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   MILLER ET AL,                          No. C02-02118 MJJ

12          Plaintiff,                      **ORDER DENYING PLAINTIFF'S**
                                            **MOTION FOR LEAVE TO FILE**
13     v.                                   **MOTION FOR RECONSIDERATION**

14    INTERNATIONAL BUSINESS MACHINES
     CORPORATION ET AL,
15
            Defendant.
16   _____/

17
                            **INTRODUCTION**
18
          Before the Court is Plaintiff Ralph I Miller's ("Miller") Motion For Leave To File A Motion
19
     For Reconsideration.  (Docket No. 667.)  For the following reasons, the Court **DENIES** the motion.
20
                         **FACTUAL BACKGROUND**
21
          On September 26, 2006, this Court granted summary judgment in favor of the sole remaining
22
     defendant, International Business Machines Corporation ("IBM"), on all of Miller's claims.  (Docket
23
     No. 664).  The Court entered final judgment in the matter on September 27, 2006.  (Docket No.
24
     665.)  On October 10, 2006, Miller filed a motion for leave to file a motion for reconsideration
25
     pursuant to Federal Rule of Civil Procedure 59(e) and Civil Local Rule 7-9.  Specifically, Miller
26
     requests that the Court reconsider its decision to grant summary judgment on Miller's breach of
27
     contract claim premised upon the Amended and Restated Subscription to Corporate Stock
28
     Agreement, as well as on Miller's trespass claim.  IBM filed an opposition on October 13, 2006 to

     Miller's motion.  No reply was filed.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) authorizes a party to file a motion to alter or amend a judgment within 10 days after entry of the judgment.  In particular, a Rule 59(e) motion is a proper vehicle for a party to seek reconsideration of a summary judgment ruling.  *Tripati v. Hanman*, 845 F.2d 205 & n.1 (9th Cir. 1988).  "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).  The Ninth Circuit has admonished that, absent highly unusual circumstances, a district court should not grant a motion for reconsideration pursuant to Rule 59(e) unless: (1) the movant presents the court with newly-discovered evidence; (2) the court committed clear error that was manifestly unjust, or (3) there is an intervening change in controlling law.  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  The Court is also mindful that, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Kona Enters.*, 229 F.3d at 890.

**ANALYSIS**

**A.     Breach Of Contract Claim (First Cause of Action).**

Miller contends that the Court should reconsider its grant of summary judgment as to the first cause of action in Miller's Second Amended Complaint ("SAC"), which originally alleged breach by IBM of the Amended and Restated Subscription to Corporate Stock Agreement.  Miller contends that the Court committed error because it analyzed the Amended and Restated Subscription to Corporate Stock Agreement only in the context of its analysis of Miller's joint venture theory of liability, but "at no point does the Court examine the Amended and Restated Subscription to Corporate Stock Agreement as in and of itself a breach of contract."  (Miller's Motion at 3:16-19.)

The Court finds no error that would support reconsideration of its grant of summary judgment on this claim.  Though Miller's first cause of action in the SAC was styled as a breach of a

United States District Court

For the Northern District of California

contract claim, this Court subsequently found, the Ninth Circuit confirmed, that this claim could not survive IBM's motion to dismiss except to the extent it sounded in fraud.  (Docket No. 42 at ¶. 6-11; *Miller v. International Business Machines Corporation*, 138 Fed.Appx. 12, 15 (9th Cir. 2005) ("We agree with the district court that claim one is a fraud claim. The claim does not use the term fraud, but its gravamen is that defendant IBM intentionally misrepresented the true state of affairs to BCC in order to induce BCC to sign the Amended Subscription Agreement.").  Miller's own opposition to IBM's summary judgment motion treated the first cause of action solely as a fraud claim.  Likewise, the Court analyzed the Amended and Restated Subscription to Corporate Stock Agreement in the context of the fraud claim stated in the first cause of action.  To the extent Miller is now arguing breach of contract premised on the Amended and Restated Subscription to Corporate Stock Agreement, not only is that argument inconsistent with the Ninth Circuit's ruling in this matter, but Miller is improperly attempting to newly raise an argument in a Rule 59(e) motion that he could reasonably have raised earlier in the litigation.  *See Kona Enters.*, 229 F.3d at 890.

For all of these reasons, the Court finds reconsideration of its grant of summary judgment in favor of IBM as to the first cause of action in the SAC to be unwarranted.

**B.      Trespass Claim (Sixth Cause of Action).**

Miller contends that the Court erred in granting summary judgment in favor of IBM on Miller's trespass claim because it failed to consider Miller's own interrogatory responses as evidence that he incurred damage proximately caused by IBM China's and ETC's trespass.  Though Miller failed to cite to these interrogatory responses in his summary judgment opposition, Miller now cites to them as a basis for reconsideration.

The Court finds no error that would support reconsideration of its grant of summary judgment on this claim.  As an initial matter, Miller's own interrogatory responses are not admissible for purposes of Miller's attempt to satisfy the elements of his own trespass claim,  as they constitute hearsay and do not fall under any exception to the hearsay rule.  Federal Rule of Evidence 801(d)(2); *see also Duff v. Lobdell-Emery Mfg. Co.*, 926 F.Supp. 799, 803 (N.D. Ind. 1996).  In any event, the responses to IBM's Interrogatory Nos. 6 and 7 cited by Miller, even were they admissible for that purpose, do not constitute sufficient evidence to establish that the alleged trespass

1  proximately resulted in damage.   The numerical values contained in the damages spreadsheet lack

2  any accompanying evidence establishing proximate causation.  Moreover, the attached spreadsheet

3  is referred to in the interrogatory responses solely as an breakdown of Plaintiff's "alleged damages."

4  (Docket No. 487, Exh. D.)

5        For all of these reasons, the Court finds reconsideration of  its grant of summary judgment in

6  favor of IBM as to the sixth cause of action in the SAC to be unwarranted.

7                                          **CONCLUSION**

8        For the foregoing reasons, the Court **DENIES** Plaintiff's Motion For Leave To File A

9  Motion For Reconsideration.  (Docket No. 667).

10

11  **IT IS SO ORDERED.**

12

13

14  Dated:     4/18/2007                  _____

15                                        MARTIN J. JENKINS
                                          UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28